IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FERNANDO CASTILLO,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:19-CV-2191-L** |
| **THE CITY OF GRAND PRAIRIE, TEXAS,** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the City of Grand Prairie's Motion to Dismiss and Brief (Doc. 10), filed August 22, 2019. After careful consideration of the pleadings and applicable law, the court **grants** the City of Grand Prairie's Motion to Dismiss (Doc. 10) and **allows** Fernando Castillo to amend his pleadings.

**I.  Background**

Fernando Castillo ("Plaintiff" or "Mr. Castillo") filed this action against the City of Grand Prairie (the "City") on June 28, 2019, pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). The action was originally filed in the Eastern District of Texas and was later transferred to this district on September 12, 2019. The USERRA is a federal statute that prohibits civilian employers from discriminating against their employees because of their military service.

In this action, Mr. Castillo contends the City violated the USERRA when it terminated his employment. The City contends that the allegations in Plaintiff's Original Complaint regarding

**Memorandum Opinion and Order – Page 1**

his termination are conclusory and do no set forth facts sufficient for the court to determine that he has stated a claim upon which relief can be granted. The court agrees.

## II.  Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

**Memorandum Opinion and Order – Page 2**

1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court

**Memorandum Opinion and Order – Page 3**

deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Analysis

The court now sets forth the operative allegations regarding Plaintiff's USERRA claim. Plaintiff alleges as follows:

5.1. On November 26, 2018, Castillo was hired by the City as a Master Fleet Technician.

5.2. In or about mid-January 2019, Castillo, who is a member of the United States Army Reserve, informed Jayson Ramirez ("Ramirez"), Fleet Services Manager, and Toney Jones ("Jones"), Fleet Services Shop Foreman, that he would be receiving orders in the near future to attend a mandatory Airborne School.

5.3. Castillo submitted his orders to Ramirez on the same day that he received them. Castillo attended Airborne School from February 8, 2019[,] through March 4, 2019, and returned to work on March 5, 2019.

5.4. On or about March 8, 2019, Castillo informed Ramirez and Jones that there was a possibility that he would be receiving orders for a mandatory Basic Leaders Course. On March 13, 2019, Castillo confirmed with Ramirez and Jones that his attendance at the Basic Leaders Course had been confirmed, and that same day, Castillo submitted his orders and leave form.

5.5. On the following day, March 14, 2019, Ramirez terminated Castillo's employment. When Castillo asked why his employment had been terminated, Ramirez indicated that the reason for his termination would be reflected in a forthcoming termination letter.

5.6. Castillo received a Letter of Termination on March 18, 2019, which included various reasons for his termination. Castillo denies all of the reasons that Ramirez provided for his termination in that letter. Instead, Castillo was terminated because of federally protected leave that he had taken—and because of protected leave that he was scheduled to take—in connection with his membership in the United States Army Reserve.

Pl.'s Original Compl. ¶¶ 5.1-5.5.

After setting forth the factual allegations for his claims, Plaintiff alleges: "Castillo was terminated in violation of USERRA, which prohibits discrimination against persons because of their service in the uniformed services. USERRA further prohibits an employer from discharging an employee because of a person's membership in a uniformed service." Pl.'s Original Compl. ¶ 6.l. While these allegations correctly set out the purposes of the USERRA, they do not meet the pleading requirements of *Iqbal* and *Twombly*.

Plaintiff's Complaint provides some factual bases, but it does not plead sufficient facts to state a claim that is plausible on its face. Plaintiff acknowledges that he received a letter regarding his termination on March 18, 2019, that "included various reasons for his termination," yet he did not attach the letter to his Complaint for the court's perusal. Mr. Castillo sets forth no allegations from which the court can reasonably infer that his membership in the military was a motivating factor for his termination, especially in light of the City having previously granted him leave because of the USERRA. Plaintiff alleges that the letter of termination included a number of reasons, all of which he denies. The court can reasonably infer that the letter made no reference to the USERRA because Plaintiff would have attached it to his Complaint in support of his claim.

The court fully realizes that, for Plaintiff to prevail on his USERRA claim, as acknowledged by both parties, he must ultimately establish that the City's decision to terminate him was because his military status was a "motivating factor." *See* 38 U.S.C. § 4311(c)(1). A

"motivating factor" means that the adverse employment decision was motivated by an "antimilitary bias." *Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011). At the pleading stage, the court does not determine whether Plaintiff will ultimately prevail on his claim; it only tests the sufficiency of the pleadings. Nonetheless, a party must plead allegations from which the court can reasonable infer that the City is liable for the misconduct alleged. All that Mr. Castillo has alleged is the "mere possibility" that the City might be liable, and allegations that allow no more than a "merely possibility" of wrongdoing fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679. Because the allegations of Plaintiff's pleadings are conclusory and general, the court can only speculate or surmise at this juncture that the City might be liable for the alleged discrimination.

Plaintiff must set forth sufficient allegations from which the court can reasonably infer that his military status was a motivating factor in the City's decision to terminate his employment. Based on the allegations pleaded, Mr. Castillo has not set forth sufficient facts, for the reasons stated by the court, that he is entitled to the relief requested. Accordingly, he fails to state a claim upon which relief can be granted.\*

The City also contends that Plaintiff seeks damages and relief to which he is not entitled under the USERRA. As Plaintiff will have an opportunity to amend his pleadings, this argument is premature and, it may be totally irrelevant if Plaintiff cannot amend to state a claim upon which relief can be granted. If Plaintiff fails to state a claim upon which relief can be granted by way of

---

\* In one regard, the City makes an argument that is improper and has no merit. The City argues, "Plaintiff fails to tell the Court that he also advised the City on a number of other occasions that he needed to take military leave of various amounts of time, he took such leave, and suffered no difficulties." City's Mot. to Dismiss 4. The test is not what Plaintiff failed to include regarding leave, but whether he has stated a claim upon which relief can be granted. Defendant's statement is outside the scope of the pleadings, and the court declines to consider it.

**Memorandum Opinion and Order – Page 6**

his amended pleading, the issue of damages and other requested relief will be quite beside the point.

IV.    **Amendment of Pleadings**

In response to the City of Grand Prairie's Motion to Dismiss, Plaintiff requested to amend his pleadings in the event the court determined that he failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff is correct in stating that courts often allow plaintiffs at least one opportunity to amend to correct pleading deficiencies. Pl.'s Resp. to Def.'s Mot. to Dismiss 5 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). As Mr. Castillo has not previously amended his Complaint and the deficiencies relate to the failure to plead sufficient facts, the court will allow him to file a first amended complaint that addresses the concerns herein expressed.

V.    **Conclusion**

For the reasons herein set forth, the court **grants** the City of Grand Prairie's Motion to Dismiss (Doc. 10), and the court hereby **allows** Plaintiff an opportunity to amend his pleadings.

**Memorandum Opinion and Order – Page 7**

Plaintiff must file a first amended complaint that addresses the factual deficiencies adumbrated by the court. The amended pleading must be filed by **November 15, 2019**. Failure of Plaintiff to file the amended pleading by this date and in accordance with the court's instructions will result in dismissal of this action for failure to state a claim upon which relief can be granted, or dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.

**It is so ordered** this 29th day of October, 2019.

Sam A. Lindsay
United States District Judge